GAZES LLC
151 Hudson Street
New York, New York 10013
(212) 765-9000
Ian J. Gazes, Esq.
David Dinoso, Esq.
*Attorneys for Ian J. Gazes, as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Case No. 15-11410-scc |
| | : | |
| 22 FISKE PLACE, LLC, | : | |
| | : | |
| | : | Chapter 11 |
| Debtor. | : | |

------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

**ALTER & BARBARO, SPECIAL COUNSEL TO CHAPTER 11 TRUSTEE**

| **Period** | 5/17/16 to 6/30/16 (Entire Period) | |
| --- | --- | --- |
| | | |
| **Current Application** | Total Fees Requested for Entire Period | $2,975.00 |
| | Total Expenses Requested for Entire Period | $89.00 |
| | | |
| **Prior Applications** | None | None |

| **Name** | **Admitted** | **Hours** | **Rate** | **Amount** |
| --- | --- | --- | --- | --- |
| B. Mitchell Alter | 1974 | 8.50 | 350.00 | $2,975.00 |

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                              :        Case No. 15-11410-scc
                                                    :
22 FISKE PLACE, LLC,                                :
                                                    :
                                                    :        Chapter 11
                    Debtor.                         :
-------------------------------------------------------x
```

**APPLICATION OF ALTER & BARBARO, SPECIAL COUNSEL TO THE TRUSTEE, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMEMT OF EXPENSES**

**TO:   THE HONORABLE SHELLEY C. CHAPMAN**
**UNITED STATES BANKRUPTCY JUDGE**

Ian J. Gazes, the chapter 11 trustee (the "Trustee") Ian J. Gazes as chapter 11 trustee (the "Trustee") of the estate of 22 Fiske Place, LLC (the "Debtor"), by and through his undersigned attorneys, Gazes LLC, submits this final application (the "Application") on behalf of Alter & Barbaro ("A&B" or the "Applicant") for compensation for services rendered by A&B as special counsel to the Trustee in the amount of $2,975.00 and reimbursement of expenses of $89.00, and respectfully represents as follows:

## JURISIDICTION, VENUE AND STATUTORY PREDICATE

1.  This Court has jurisdiction over this matter under sections 157(a)(b)(1) and 1334 of title 28 of the United States Code, 28 U.S.C. §§ 157(a)(b)(1) and 1334, and the Standing Order of Reference of Chief Judge Loretta A. Preska dated January 31, 2012. This is a core proceeding under section 157(b)(2)(A), (B), and (O) of the Judicial Code. 28 U.S.C. § 157(b)(2)(A), (B), and (O).

2.  Venue of this case in this district is proper pursuant to section 1408 of the Judicial Code. 28 U.S.C. §1408.

3.      The Applicants submit this Application pursuant to section 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2016-1 and 2016-2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). Fed. R. Bankr. P. 2016, LBR 2016-1 and 2.

## BACKGROUND AND CASE STATUS

4.      On May 28, 2015, the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.      The Debtor continued to operate its business as a debtor-in-possession until the Court's entry of (a) an order directing the appointment of a chapter 11 trustee and (b) an order approving the appointment of Ian J. Gazes as chapter 11 trustee [Doc. Nos. 66 and 71].

6.      The primary asset in this case is a multi-unit brownstone in Brooklyn, New York (the "Property").

7.      Prior to the Petition Date on March 11, 2015, the Supreme Court of the State of New York, County of Kings entered a judgment of foreclosure and sale in favor of DT91CONN, LLC ("DT91") in the case of *Acrobat Realty, LLC v. 22 Fiske Place, et al.*; Index No. 20662/2009 (Sup. Ct. Kings) (the "Judgment").

8.      On March 31, 2015, the Debtor filed a notice of appeal of the Judgement in the Appellate Division, Second Department (the "Appeal").

9.      On October 8, 2015, the Court entered an order granting the Debtor relief from the automatic stay in order to pursue the Appeal [Doc. No. 44]. In its underlying motion, the Debtor asserted several "irregularities" in connection with the Judgment. Most notably, the Debtor asserted

3

that the trial court erred by not dismissing the foreclosure action based on the plaintiff's failure to comply with Part F of the General Foreclosure Rules of the Kings County, Supreme Court.

10. On April 21, 2016, the Court entered an order authorizing the Trustee to retain A&B as special counsel to the Trustee (the "Retention Order") [Doc. No. 122] pursuant to the terms of that certain retainer agreement between the Trustee and A&B (the "Retainer Agreement"). Copies of the Retention Order and the Retainer Agreement are attached here to as Exhibits "A" and "B".

11. On April 29, 2016, the Court entered an order approving that certain stipulation (the "Stipulation") between (x) the Trustee and (y) the Debtor and the Debtor's principal, Nicholas Gordon ("Gordon") [Doc. No 132]. Among other things, the Stipulation provides that (a) as of the effective date of any confirmed chapter 11 plan proposed by the Trustee, the Trustee shall be deemed to have abandoned pursuant to section 554 of the Bankruptcy Code to the Debtor and Gordon the estate's right, title and interest, if any, in and to the Appeal and any subsequent related state court proceedings, and (b) A&B will continue representing the estate's interest in the Appeal until the effective date of the abandonment of the Appeal at which time A&B shall be deemed discharged and all future fees and expenses incurred by A&B shall be paid by the Debtor and/or Gordon.

12. On or about May 20, 2016, A&B moved by order to show cause in the Appellate Division for an order (a) substituting the Trustee as appellant, (b) extending appellant's time to perfect the Appeal by 30 days following the Appellate Division's entry of the requested order, and (c) permitting the Appeal to be heard on the original record and typewritten briefs. In response, appellee, DT91 cross-moved to dismiss the Appeal.

13. On July 1, 2016, the Appellate Division denied appellee's cross-motion, granted that portion of appellant's motion seeking an extension of time to perfect the appeal and to substitute the

Trustee as appellant, but denied appellant's request to be heard on the original record and typewritten briefs.

14.     On June 16, 2016, the Court entered an Order (a) Approving the Disclosure Statement in Connection with Trustee's Chapter 11 Plan and (b) Confirming the Trustee's Chapter 11 (the "Plan") [Docket No. 194],

## BANKRUPTCY RULE 2016 CERTIFICATION

15.     Pursuant to Rule 2016 of the Bankruptcy Rules, Applicant states that: (a) all services for which compensation is sought herein were rendered to the Debtor's estate solely in connection with this chapter 11 proceeding and not on behalf of any committee, individual creditors, or other persons; (b) to date, Applicant has received no payment or promise of payment for services rendered in this chapter 11 case; and (c) no agreement or understanding exists between the Applicant and any other person for the sharing of compensation. Fed. R. Bankr. P. 2016. Annexed hereto as Exhibit "C" is the Certification Regarding Fees and Disbursements for Professionals.

## OVERVIEW OF GAZES REQUESTED FEES AND EXPENSES

16.     This Application summarizes the legal services rendered by A&B on behalf of the Trustee. Applicant maintained contemporaneous records (the "Time Records") of the day-to-day services and the time expended for such services for which compensation is sought herein, which records are maintained in the ordinary course of Applicant's business and are annexed hereto as Exhibit "D" and incorporated herein by reference. The Time Records provide a concise description of the legal work, the dates performed and the attendant time charges therefore and reflect that Applicant expended an aggregate of 8.50 hours of legal time in this case for which Applicant is seeking compensation.

17. Applicant performed all professional services for the compensation sought herein. Applicant has not agreed to share with any other entity any compensation to be received by it in connection with this case.

18. Applicant's requested fees and expenses were incurred in the ordinary course of Applicant's business at Applicant's customary rates. Applicant has complied with the United States Trustee fee guidelines, and such compliance is reflected in the amounts sought in this Application.

### SUMMARY OF SERVICES RENDERED BY GAZES DURING THE COMPENSATION PERIOD

19. Pursuant to the United States Trustee Fee Guidelines, the Trustee provides the following description of the 8.50 hours of work performed by Project Category as follows:

<u>Litigation (8.50 hours, 100% of total hours)</u>

20. Applicant prepared a motion by order to show cause for an order (a) substituting the Trustee as appellant, (b) extending appellant's time to perfect the Appeal by 30 days following the Appellate Division's entry of the requested order, and (c) permitting the Appeal to be heard on the original record and typewritten briefs. Thereafter, Applicant responded to the cross-motion of the appellee, DT91.

### COURT'S AUTHORITY TO GRANT COMPENSATION

21. Under section 330 of the Bankruptcy Code, this Court is authorized to award:

   a. Reasonable compensation for actual, necessary services rendered by the ... professional person, or attorney, and by any paraprofessional person employed by any such person; and

   b. Reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

22.     In evaluating the amount of compensation to award to an Gazes, Courts consider:

"the nature, the extent, and the value of such services, taking into account all relevant factors, including ---

    i.    the time spent on such services;

    ii.    the rates charged for such services;

    iii.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    iv.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    v.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

23.     Courts have recognized that "the interests of effective bankruptcy administration require that professional fees be designed not only to discourage the incompetent, but also to encourage the competent . . . To achieve this end, compensation must be sufficient in amount to induce counsel to undertake the labors incident to an insolvency proceeding in reliance on the willingness of the court fairly to fix a proper fee." *See In re Shades of Beauty, Inc.,* 56 B.R. 946, 952 (Bankr. E.D.N.Y. 1986).

24.     The Trustee respectfully submits that the request for compensation and reimbursement of expenses made in this Application is reasonable and should be approved. Most notably, A&B successfully extended the time to perfect the Appeal and defeated DT91's cross-motion to dismiss.

**RESERVATION OF RIGHTS**

7

25. This Application is without prejudice to A&B right to file additional applications for legal services rendered an expenses incurred from July 1, 2016 through the Effective Date of the Plan.

## **NOTICE**

26. This Application and all exhibits hereto, except as noted, have been served upon the Office of the United States Trustee and all parties in interest including the Debtor, all creditors, and all parties that filed notices of appearance in this case.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order approving, on a final basis, A&B's request for compensation for services rendered in the amount of $2,975.00 and reimbursement of expenses of $89.00 and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 6, 2016

        GAZES LLC

        By: _/s/ Ian J. Gazes_____
        Ian J. Gazes
        151 Hudson Street
        New York, New York 10013
        (212) 765-9000
        *Attorneys for the Chapter 11 Trustee*